## INTERCITY RADIO TELEGRAPH CO. v. FEDERAL RADIO COMMISSION,
and three other cases.

Nos. 4987, 4988, 4990, 4991.

Court of Appeals of District of Columbia.

Argued Oct. 14, 1930.

Decided Jan. 6, 1931.

John W. Guider, Frank J. Hogan, and E. L. Jones, all of Washington, D. C., for appellants in Nos. 4987, 4988.

Frederick De C. Faust and Swager Sherley, both of Washington, D. C., and Thurlow M. Gordon, of New York City, for appellant in No. 4990.

J. Harry Covington, of Washington, D. C., and Charles E. Hughes, of New York City, for appellant in No. 4991.

E. W. Pratt, P. D. P. Spearman, Arthur W. Scharfeld, T. H. Brown, and D. M. Patrick, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

These are separate but interrelated appeals taken from various decisions of the Federal Radio Commission, which refused to authorize the issuance of certain construction permits and station licenses to appellants for point-to-point communication within the United States. The appellants, together with other companies, were already engaged or proposing to engage in such communication upon a public service basis, preferably by the use of high-frequency transmission. The Commission found, after full investigation, that only such frequencies as ranged between 1,500 and 6,000 kilocycles were available for primary domestic use in such service, and that, by reason of legal and technical considerations, such available frequencies as might be allocated by the Commission were strictly limited to not more than 88 in number. The appellants and other companies seeking such licenses applied for an aggregate greatly exceeding that number. The Intercity Radio Telegraph Company and the Wireless Telegraph & Communications Company together applied for 16 frequencies; the R. C. A. Communications, Inc., for 46; the Mackay Radio & Telegraph Company for 22; the Western Radio Telegraph Company for 8; the Universal Wireless Communication Company, Inc., for 40; and the Press Wireless, Inc., for 20.

On December 22, 1928, the Commission, after a full and careful review of the entire subject, made the following allotments, to wit: 40 frequencies to the Universal Wireless Communication Company; 20 to the Press Wireless, Inc.; 21 to R. C. A. Communications, Inc.; 5 to the Mackay Radio & Telegraph Company; and 2 full-time and 3 (duplicate) daylight time, to the Western Radio Telegraph Company. No allotment was made to the Intercity Radio Telegraph Company, nor to the Wireless Telegraph & Communications Company.

The appellants thereupon severally prosecuted their present appeals from these decisions to this court, under authority of section 16 of the Radio Act of 1927 (44 Stat. 1162, 1169 [47 USCA § 96]), which reads in part as follows:

"Sec. 16. Any applicant for a construction permit, for a station license, or for the renewal or modification of an existing station license whose application is refused by the licensing authority shall have the right to appeal from said decision to the Court of Appeals of the District of Columbia; and any licensee whose license is revoked by the commission shall have the right to appeal from such decision of revocation to said Court of Appeals of the District of Columbia or to the district court of the United States in which the apparatus licensed is operated, by filing with said court, within twenty days after the decision complained of is effective, notice in writing of said appeal and of the reasons therefor. * * *

"At the earliest convenient time the court shall hear, review, and determine the appeal upon said record and evidence, and may alter or revise the decision appealed from and enter such judgment as to it may seem just. The revision by the court shall be confined to the points set forth in the reasons of appeal."

The applicants whose claims were granted by the Commission, to wit, the Western Radio Telegraph Company, the Universal Wireless Communication Company, Inc., and the Press Wireless, Inc., are not parties in these appeals.

The appeals were completed in this court by the filing of a comprehensive record together with elaborate briefs, and, if no further steps had been taken in the case, it would have been necessary for the court to pass in detail upon the various contentions of the parties. However, since the appeals were perfected the appellants and appellee have joined in a written stipulation which is filed herein and made part of the record. This instrument recites that since the date of the decision now upon appeal, the Universal Wireless Communication Company, Inc., to which 40 frequencies were allotted by the Commission, has become and has been declared to be bankrupt, and has ceased all business whatsoever, including the operation of the stations for which licenses were issued to it, and the construction of stations for which construction permits were issued to it, and that at no time since has the company resumed any of such business. It is likewise stated that since the taking of these appeals a receiver in insolvency for the benefit of creditors has been appointed for the Intercity Radio Telegraph Company, by a competent

court, and that the receiver is now in possession of the assets of that company. Moreover it is set out in the stipulation that the Commission on September 29, 1930, promulgated its General Order No. 95, whereby it provided that the insolvency of a licensee of any radio station shall be grounds for the revocation of the station's license or the refusal of the renewal thereof, and that the appointment of receivers upon the ground of insolvency and preliminary adjudications of bankruptcy shall be considered by the Commission as prima facie proof of insolvency; final adjudication being accepted as conclusive. It is further stated that such order is now in full force and effect, but that no steps have been taken by the Commission pursuant to such order with respect to the Universal Wireless Communication Company, Inc., or the Intercity Radio Telegraph Company, because of the pendency of the present appeals in this court.

In view of the recitals of the stipulation, it is now ordered and considered by the court that jurisdiction over the present appeals shall be continued in this court as heretofore, and that the various stay orders herein entered by the court shall remain in full force and effect, with the following modifications and exceptions, to wit: (a) That such stay orders shall be set aside in so far as they prevent the Commission from authorizing Press Wireless, Inc., and the Western Radio Telegraph Company, to make use of the frequencies allotted to them by the Commission in its decision of December 22, 1928; and (b) that the force and effect of the present appeals, together with the stay orders aforesaid, shall be so modified and construed as to permit the Commission to take such steps as it deems proper and necessary with respect to the Universal Wireless Communication Company, and the Intercity Radio Telegraph Company, and in case of the revocation of the station licenses and building permits heretofore allotted to the former company that the same may be allotted to the appellants or any of them in such manner as the Commission may find will best promote the public interest, convenience, or necessity, and that the Commission's proceedings in that behalf be reported to this court and made part of the record herein. It is furthermore directed that a certified copy of this order shall forthwith be forwarded by the clerk to the Commission.

ROBB, Associate Justice.

In my view, the Radio Commission erred in allocating 40 frequencies to the Universal Wireless Communication Company. The fact that the company soon thereafter was adjudged a bankrupt is convincing proof that it was not in a position to undertake and put through so ambitious an enterprise as the proper use of these frequencies would entail.

The public is entitled to service. The Radio Corporation of America and the Mackay Radio & Telegraph Company, on the record before us, have demonstrated their ability to furnish this service. I think the case should be remanded, with directions to the Commission to allocate the 40 available frequencies to these two companies in such manner as will best promote the public interest, convenience, or necessity. If, in the use of the frequencies allotted to them they fail to promote the public interest, convenience, or necessity, the Commission, in a proper proceeding, may make a reallocation.